Slip Op 19-48

UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |
|---|---|
| ARISTOCRAFT OF AMERICA, LLC, | **PUBLIC VERSION** |
| Plaintiffs, | Before: Leo M. Gordon, Judge |
| v. | Consol. Court No. 15-00307 |
| UNITED STATES, | |
| Defendant. | |

**OPINION**

[Commerce's <u>Second Remand Results</u> sustained.]

Dated: April 17, 2019

<u>Jonathan M. Freed</u>, Trade Pacific PLLC of Washington, DC for Consolidated Plaintiffs Shanghai Wells Hanger Co., Ltd., Hong Kong Wells Ltd., Hong Kong Wells Ltd. (USA), Best For Less Dry Cleaners Supply LLC, Ideal Chemical & Supply Company, Laundry & Cleaners Supply Inc., Rocky Mountain Hanger MFG Co., Rosenberg Supply Co., Ltd., and ZTN Management Company, LLC.

<u>Ashley Akers</u>, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice of Washington, DC for Defendant United States. With her on the briefs were <u>Joseph H. Hunt</u>, Assistant Attorney General, <u>Robert E. Kirschman, Jr.</u>, Director, and <u>Reginald T. Blades</u>, Assistant Director. Of counsel was <u>Jessica DiPietro</u>, Attorney, U.S. Department of Commerce, Office of the Chief Counsel for Trade Enforcement and Compliance of Washington, DC.

Gordon, Judge: This action involves the sixth administrative review conducted by the U.S. Department of Commerce ("Commerce") of the antidumping duty order covering steel wire garment hangers from the People's Republic of China ("PRC"). See <u>Steel Wire Garment Hangers from the PRC</u>, 80 Fed. Reg. 69,942 (Dep't of Commerce Nov. 12, 2015) (final results admin. rev.) ("<u>Final Results</u>"); <u>see also</u> Issues & Decision

Memorandum for Steel Wire Garment Hangers from the PRC, A–570–918 (Dep't of Commerce Mar. 6, 2015), <u>available at</u> http://enforcement.trade.gov/frn/2015/1511frn/2015-28757.txt (last visited this date) ("<u>Decision Memorandum</u>").

Before the court is Commerce's Final Results of Redetermination Pursuant to Court Remand ("<u>Second Remand Results</u>"), ECF No. 87-1,[1] filed pursuant to the court's remand order in <u>Aristocraft of America, LLC v. United States</u>, 42 CIT ___, 331 F. Supp. 3d 1372 (2018) ("<u>Aristocraft II</u>"). Plaintiffs Shanghai Wells Hanger Co., Ltd., Hong Kong Wells Ltd., Hong Kong Wells Ltd. (USA), Best For Less Dry Cleaners Supply LLC, Ideal Chemical & Supply Company, Laundry & Cleaners Supply Inc., Rocky Mountain Hanger Mfg. Co., Rosenberg Supply Co., Ltd., and ZTN Management Company, LLC (collectively, "Plaintiffs") challenge Commerce's calculation of irrecoverable value-added tax ("VAT") based on the application of the standard VAT levy to the free on board (FOB) export value of finished wire hangers. <u>See</u> Pls.' Cmts. on Final Results of Redetermination Pursuant to Court Remand, ECF No. 92 ("Pls.' Cmts."); <u>see also</u> Def.'s Response to Pls.' Cmts. on Commerce's Remand Results, ECF No. 97 ("Def.'s Resp."). Familiarity with the court's decisions in <u>Aristocraft II</u>, and <u>Aristocraft of America, LLC v. United States</u>, 41 CIT ___, 269 F. Supp. 3d 1316 (2017), is presumed. The court has jurisdiction pursuant to Section 516A(a)(2)(B)(iii) of the Tariff Act of 1930, as amended,

---

[1] All citations to the remand results, the agency record, and the parties' briefs are to their confidential versions unless otherwise noted.

19 U.S.C. § 1516a(a)(2)(B)(iii) (2012),[2] and 28 U.S.C. § 1581(c) (2012). For the reasons

set forth below, the court sustains Commerce's Second Remand Results.

## I. Standard of Review

For administrative reviews of antidumping duty orders, the court sustains

Commerce's "determinations, findings, or conclusions" unless they are "unsupported by

substantial evidence on the record, or otherwise not in accordance with law." 19 U.S.C.

§ 1516a(b)(1)(B)(i). More specifically, when reviewing agency determinations, findings,

or conclusions for substantial evidence, the court assesses whether the agency action is

reasonable given the record as a whole. Nippon Steel Corp. v. United States, 458 F.3d

1345, 1350–51 (Fed. Cir. 2006); see also Universal Camera Corp. v. NLRB, 340 U.S.

474, 488 (1951) ("The substantiality of evidence must take into account whatever in the

record fairly detracts from its weight."). Substantial evidence has been described as

"such relevant evidence as a reasonable mind might accept as adequate to support a

conclusion." DuPont Teijin Films USA v. United States, 407 F.3d 1211, 1215 (Fed. Cir.

2005) (quoting Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). Substantial

evidence has also been described as "something less than the weight of the evidence,

and the possibility of drawing two inconsistent conclusions from the evidence does not

prevent an administrative agency's finding from being supported by substantial evidence."

Consolo v. Fed. Mar. Comm'n, 383 U.S. 607, 620 (1966). Fundamentally, though,

"substantial evidence" is best understood as a word formula connoting reasonableness

---

[2] Further citations to the Tariff Act of 1930, as amended, are to the relevant provisions of
Title 19 of the U.S. Code, 2012 edition.

review. 3 Charles H. Koch, Jr., Administrative Law and Practice § 9.24[1] (3d ed. 2019).

Therefore, when addressing a substantial evidence issue raised by a party, the court

analyzes whether the challenged agency action "was reasonable given the circumstances

presented by the whole record." 8A West's Fed. Forms, National Courts § 3.6 (5th ed.

2018).

Separately, the two-step framework provided in Chevron, U.S.A., Inc. v. Natural

Res. Def. Council, Inc., 467 U.S. 837, 842–45 (1984), governs judicial review of

Commerce's interpretation of the Tariff Act. See United States v. Eurodif S.A., 555 U.S.

305, 316 (2009) (An agency's "interpretation governs in the absence of unambiguous

statutory language to the contrary or unreasonable resolution of language that is

ambiguous."); see generally Harry T. Edwards & Linda A. Elliott, Federal Standards of

Review 273–280 (3d ed. 2018).

## II. Discussion

### Value Added Tax

Plaintiffs argue that Commerce's Second Remand Results are unreasonable

(unsupported by substantial evidence) and cannot be sustained. Based on the following,

the court is not persuaded that Plaintiffs establish that Commerce's eight percent

irrecoverable VAT adjustment to Shanghai Wells' export price ("EP") and constructed

export price ("CEP") is unreasonable.

Aristocraft II highlighted the court's concerns with certain aspects of how

Commerce calculated the irrecoverable VAT adjustment to Shanghai Wells' EP and CEP

without reference to the amount of input VAT paid. The court noted that it had "doubts

about the overall reasonableness of Commerce's calculation of irrecoverable VAT" due to Commerce's failure to reconcile the relevance of the admitted "link between the input VAT paid and [the aggregate] tax paid or refunded." <u>Aristocraft II</u>, 42 CIT at ___, 331 F. Supp. 3d at 1378.

When the court reviewed Commerce's policy for adjusting for irrecoverable VAT, it appeared that Commerce's straightforward irrecoverable VAT adjustment of eight percent may have oversimplified a calculation that involved various aspects of Shanghai Wells' tax liability under China's VAT scheme. <u>Id</u>. For instance, Commerce noted that the record indicates that [[

]]. <u>See</u> <u>Second Remand Results</u> at 12–13. Without accounting for Shanghai Wells' input VAT paid, the court was concerned that, in those circumstances, Commerce's irrecoverable VAT adjustment would risk overestimating the impact of the irrecoverable VAT offset on Shanghai Wells' overall VAT liability (and thus, result in an over-adjustment to the EP and CEP of subject merchandise). <u>See</u> <u>Aristocraft II</u>, 42 CIT at ___, 331 F. Supp. 3d at 1378 (noting the court's uncertainty as to the "overall reasonableness of Commerce's calculation of irrecoverable VAT" given Commerce's refusal to consider input VAT paid). On remand, Commerce addressed these concerns, explaining how the Chinese VAT regulations direct the calculation of an amount of irrecoverable VAT that is to be added to the price of the subject merchandise exports, without reference to the exporter's input VAT paid. <u>See</u> <u>Second Remand Results</u> at 6–14. Commerce further explained in the <u>Second Remand Results</u> that it did not need to account for input VAT paid in calculating

an accurate irrecoverable VAT adjustment because:

> on a POR-wide basis, Shanghai Wells' total input VAT credit, [[            ]], was [[                    ]] by its total irrecoverable VAT liability, [[              ]], and the amount [[
>            ]] would be carried forward to continue to affect the offsetting of its output VAT in future periods. This relationship underscores another reason why the input VAT paid by Shanghai Wells is not relevant to the irrecoverable VAT <u>calculation</u> during the POR; not only is irrecoverable VAT calculated on a different basis than input VAT, but the effect of the irrecoverable VAT expense is not tied to input VAT paid in any particular month. Thus, to the extent that Commerce may not be able to link the input VAT to the deduction for irrecoverable VAT on any given record, the input VAT paid is not relevant to the calculation of irrecoverable VAT, which is based in Chinese law. In addition, the amount of irrecoverable VAT is not dependent on either the amount of output VAT or the amount of net VAT liability.

<u>Second Remand Results</u> at 13. Contrary to Plaintiffs' argument, Commerce directly responded to the court's request for additional detail as to how and why Commerce was applying its irrecoverable VAT policy generally, as well as how its eight percent irrecoverable VAT adjustment was supported by the record.

Plaintiffs ignore the Chinese laws cited by Commerce as the basis for the irrecoverable VAT adjustment and calculations, focusing instead solely on Commerce's refusal to consider the relevance of Shanghai Wells' input VAT or its overall VAT liability. <u>See generally</u> Pls.' Cmts. Plaintiffs correctly state that "[t]he fact of the matter is that Shanghai Wells only pays the Chinese government the 'net' VAT amount, which is the result of offset between output VAT and input VAT." Pls.' Cmts. at 3. However, in the <u>Second Remand Results</u>, Commerce explained how Shanghai Wells' "net" VAT liability is directly increased due to irrecoverable VAT. <u>See</u> <u>Second Remand Results</u> at 4.

Irrecoverable VAT, as calculated and adjusted for by Commerce, reduces the amount of the input VAT offset that Shanghai Wells may use to reduce its overall VAT liability. Commerce reasonably found that subject merchandise EP and CEP must be directly reduced by the irrecoverable VAT because irrecoverable VAT, as set forth in Chinese law, reduces the input VAT offset that serves to limit Shanghai Wells' overall VAT liability. Id.

Alternatively, Plaintiffs contend that Commerce's explanation for its irrecoverable VAT adjustment demonstrates that irrecoverable VAT is not "included in the price" and is thus "not permitted by the statute." Pls.' Cmts. at 2. Plaintiffs' challenges to Commerce's irrecoverable VAT adjustment, however, are undercut by the record. Plaintiffs highlight that Shanghai Wells' "Sales Trace" exhibit in its Section A Questionnaire response did not specifically identify the inclusion of irrecoverable VAT in the export price of the subject merchandise, and argues therefore that Commerce could not reasonably conclude that irrecoverable VAT was "included in [the] price" of the subject merchandise. Id.

Commerce, however, identifies various instances in Shanghai Wells' own VAT documentation and financial records where Shanghai Wells appears to recognize irrecoverable VAT as a distinct cost that is included in its cost of sales (and is thus "included in such price" of export sales of subject merchandise). See Second Remand Results at 18–19. The record presented Commerce with limited information from which Commerce was required to make an inference of whether irrecoverable VAT was or was not "included in such price" of Shanghai Wells' export sales of subject merchandise. Plaintiffs have failed to demonstrate Commerce had "one, and only one, reasonable

conclusion" to be drawn from the whole of the record—that Shanghai Wells' irrecoverable VAT was not included in its export price of subject merchandise. See, e.g., Tianjin Wanhua Co. v. United States, 40 CIT ___, ___ 179 F. Supp. 3d 1062, 1071 (2016); US Magnesium LLC v. United States, 39 CIT ___, ___, 70 F. Supp. 3d 1321, 1325 (2015).

Accordingly, Commerce's Second Remand Results address the court's concerns raised in Aristocraft II, and provide a reasoned explanation supported by substantial evidence for Commerce's irrecoverable VAT adjustment of eight percent to Shanghai Wells' EP and CEP for subject merchandise.

### III. Conclusion

For the foregoing reasons, the Second Remand Results are sustained. Judgment will enter accordingly.

_____/s/ Leo M. Gordon_____
Judge Leo M. Gordon


Dated: April 17, 2019
        New York, New York